IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY ELLISON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1314 |
| ALLEN WADE ROSS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Larry Ellison, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is an attorney named Allen Wade Ross, from Rusk, Texas.

**I. Background**

Plaintiff complained that in September of 2015, he hired Ross to prepare a parole package and to represent him at a parole hearing to be held in November of 2015. Ross failed to attend the hearing and did not present a parole package to the Board, and Ellison's application for parole was denied in January of 2016. Ross did not notify Ellison of the decision; instead, Ellison learned of it and contacted Ross in February of 2016 to tell him of the denial and ask for a copy of the parole package. That same month, Ellison asked Ross for reimbursement and Ross told him he did not attend the hearing because the Board of Pardons and Paroles denied the request. Ellison wrote to Ross again in March of 2016 to ask for a copy of the parole package or court record and Ross did not respond. Ellison fied a grievance against Ross with the State Bar of Texas, but it was denied.

1

## II. The Report of the Magistrate Judge and the Plaintiff's Objections

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge determined that Ross, as a private attorney, was not a state actor and thus was not amenable to suit under 42 U.S.C. §1983.

In his objections, Ellison contends that Ross' failure to abide by their agreement constituted a breach of contract as well as "a violation of Fourteenth Amendment due process protection under the Sixth Amendment." He claims Ross' action also violates the Texas Rules of Professional Conduct for Attorneys and argues that Ross "entered into a contract to represent Plaintiff fairly without hostile discrimination or fraud."

Next, Ellison states that complaints should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. He maintains that the rules require only a short and plain statement of the claim and that pleading is not "a game of skill," but is intended to facilitate a proper decision on the merits. He asks that the Court consider his objections and conduct an evidentiary hearing.

## III. Discussion

Breach of contract is a state tort claim, not a cause of action arising under the Constitution or laws of the United States. *See Braden v. Texas A&M University System*, 636 F.2d 90, 93 (5th Cir. 1981). As such, it is not cognizable in a lawsuit under 42 U.S.C. §1983. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (42 U.S.C. §1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." To the extent Ellison alleges that Ross committed breach of contract, he has not set out a federal constitutional claim.

Ellison also invokes the Fourteenth Amendment, but the Fourteenth Amendment only protects liberty and proper interests against an invasion by a state actor, not a private party. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). As the Magistrate Judge correctly determined, an attorney whom Ellison hired is not a state actor. *Uresti v. Reyes*, 506 F.App'x 328,

2013 WL 93105 (5th Cir., January 8, 2013), *citing Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). The fact that Ross is bound by the Texas Rules of Professional Conduct does not make him a state actor. *See Milliron v. Director, TDCJ-CID*, 75 F.3d 701, 714 (E.D.Tex. 2014); *Polk County v. Dodson*, 454 U.S. 312, 317-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Ellison's objection in this regard is without merit.

Ellison's invocation of the standards applicable to dismissals for failure to state a claim are also unavailing. This standard provides that a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[1] Ellison's pleadings assert a §1983 civil rights claim against an individual who is not a state actor and therefore cannot be sued under §1983. His allegations, even taken as true, do not state a claim plausible on its face; in addition, Ellison's allegations lack an arguable basis in law. The Magistrate Judge properly determined that Ellison's complaint was frivolous and failed to state a claim upon which relief may be granted. Ellison's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review,

---

[1] The standard set out in *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which Ellison cites in his objections, was abrogated by the Supreme Court in *Bell*, 550 U.S. at 561-62.

3

the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**Aug 15, 2017**

_____
Ron Clark, United States District Judge